UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFFREY EMON BANKS,<br><br>                   Petitioner,<br><br>     v.<br><br>UNITED STATES OF AMERICA,<br><br>                   Respondent. | CASE NO. C16-0909JLR<br><br>ORDER ACCEPTING WITHDRAWAL OF HABEAS PETITION |

## I. INTRODUCTION

Before the court is Petitioner Jeffrey Emon Banks's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Pet. (Dkt. # 1).) The court has considered Mr. Banks's petition, the United States of America's ("the Government") answer to Mr. Banks's petition (Answer (Dkt. # 6.)), Mr. Banks's reply in support of his petition (Reply (Dkt. # 7.)), supplemental briefing from Mr. Banks (Banks Supp. Br. (Dkt. # 12)) and the Government (Gov't Supp. Br. (Dkt. # 13)), the relevant portions of the record, and the applicable law. Considering itself fully advised, the court accepts Mr. Banks's withdrawal of his Section 2255 habeas petition.

ORDER - 1

## II.   BACKGROUND AND ANALYSIS

On September 28, 2015, Mr. Banks pleaded guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  *See United States v. Banks*, No. CR15-0321JLR (W.D. Wash. 2015), Dkt. ## 1 ("Felony Information"), 8 ("Plea Agreement"); Dkt. # 34 ("Order of Acceptance of Guilty Plea").  Referring to the United States Sentencing Guidelines (the "Guidelines"), U.S.S.G § 2k2(a)(4), the court enhanced Mr. Banks's sentence based on his prior conviction for second-degree robbery in Washington State.  *See United States v. Banks*, No. CR15-0321JLR (W.D. Wash. 2015), Dkt. # 27 ("Tr. Sentencing Hr'g") at 3:12-15.

Less than a year after Mr. Banks's sentencing, the court held that the Supreme Court decision, *Johnson v. United States*, ---U.S.---, 135 S. Ct. 2551 (2015), applied to invalidate the Guidelines' residual clause and applied retroactively.  *Lilley v. United States*, No. C16-0410JLR, 2016 WL 6997037, at *7 (W.D. Wash. Nov. 30, 2016); *Carpio v. United States*, No. C16-0647JLR, 2016 WL 6395192, at *3 (W.D. Wash. Oct. 28, 2016).  In addition, the court held that Washington second-degree robbery was a sentence-enhancing predicate felony only by reference to the residual clause of the Guidelines, which the court concluded *Johnson* had invalidated.  *See Lilley*, 2016 WL 6997037, at *17-20.

On June 13, 2016, Mr. Banks filed a habeas corpus petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence based on ineffective assistance of counsel.  (*See* Pet.)  Specifically, Mr. Banks contended that his counsel was ineffective for failing to argue that the court impermissibly enhanced Mr. Banks's sentence under the

Guidelines, based on Mr. Banks's prior conviction for second-degree robbery in Washington State. (*See id.* at 2-9.) On February 21, 2017, the court ordered supplemental briefing on whether, in addition to stating an ineffective assistance of counsel claim, Mr. Banks's petition also makes a claim for habeas relief pursuant to *Johnson*, and the merits of a substantive *Johnson* claim in Mr. Banks's case. (Feb. 21, 2017 Order (Dkt. # 8).)

Before the deadline for the parties' supplemental briefing, the Supreme Court announced its decision in *Beckles v. United States*, No. 15-8544, 2017 WL 855781 (Mar. 6, 2017), holding that *Johnson* does not authorize vagueness challenges to career offender status under the Sentencing Guidelines. Mr. Banks's counsel correctly notes that the decision in *Beckles* is fatal to Mr. Banks's petition. (Banks Supp. Br. at 2 (stating that after *Beckles*, "[Mr.] Banks's predicate conviction arguably remains a 'crime of violence' through the residual clause").) Mr. Banks's counsel also acknowledges that the holding in *Beckles* eliminates any argument that Mr. Banks's trial counsel was ineffective for failing to argue that Mr. Banks's sentence was impermissibly enhanced under the Guidelines:

> In light of the return to the state of the law at the time of sentencing and the favorable plea agreement negotiated by prior counsel, undersigned counsel would find it difficult to argue that [Mr.] Banks's agreement that his 2009 conviction for robbery in King County was an unreasonable strategic decision.

(*Id.*) The court interprets this statement to mean that Mr. Banks will not pursue a *Johnson* claim in light of *Beckles* and withdraws his ineffective assistance of counsel claim.

### III. CONCLUSION

For the foregoing reasons, the court accepts Mr. Banks's withdrawal of his petition.

Dated this 16th day of March, 2017.

*[signature]*

JAMES L. ROBART
United States District Judge